UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61494-CIV-UNGARO

MONICA J. DENNIS,

    Plaintiff,

v.

THE REGIONAL ADJUSTMENT BUREAU, INCORPORATED,
d/b/a REGIONAL ADJUSTMENT BUREAU, INC.,

    Defendant.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment, filed on May 21, 2010 (D.E. 34). Plaintiff did not timely respond to Defendant's Motion, but responded to the Court's Order to Show Cause on June 18, 2010 (D.E. 46). Defendant replied on June 28, 2010 (D.E. 54).

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

**Background**

Plaintiff incurred credit card debt, which was referred to Defendant for collection in 2008. (Declaration of James S. Smith III ("Smith Declaration"), D.E. 48-1, ¶¶ 4-5.) On September 18, 2009, Plaintiff filed this suit against Defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Chapter 559 of the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). For these violations, Plaintiff seeks damages, attorneys' fees and costs.

In a separate and independent count, Plaintiff seeks declaratory, injunctive, and other equitable relief for Defendant's alleged violations of the FDCPA, FCCPA, and TCPA.

Defendant moves for summary judgment on Plaintiff's FCCPA claim (Count V) and TCPA claim (Counts VI), as well as on her claim for declaratory and equitable relief (Count VII).[1]  Plaintiff did not timely respond to Defendant's Motion for Summary Judgment. The Court then entered an order requiring Plaintiff to respond on or before 12:00 p.m. on Friday, June 18, 2010. (D.E. 45.) The Court cautioned Plaintiff that it would grant Defendant's Motion by default pursuant to Local Rule 7.1(C) without further notice if she failed to comply with its order.  Plaintiff responded to the Court's order on June 18, 2010 (D.E. 46), but she did not file a response to Defendant's Motion for Summary Judgment or a  "concise statement of material facts as to which it is contended that there exists a genuine issue to be tried." S.D. Fla. L.R. 7.5(b).  Thus, all material facts set forth in Defendant's statement are deemed admitted, provided that Defendant's statement is supported by evidence in the record. S.D. Fla. L.R. 7.5(d).

The Court has considered the arguments in Defendant's Motion and the evidence filed in support of its Motion.[2] For the reasons stated below, the Court grants in part and denies in part Defendant's Motion.

---

[1]  Defendant does not move for summary judgment on Plaintiff's FDCPA counts (Counts I-IV).

[2]  The Eleventh Circuit has held that a district court cannot grant a motion for summary judgment by default; it must consider the merits of a summary judgment motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Av., Miami,* 363 F.3d 1099, 1101-02 (11th Cir. 2004).  It further held that, when reviewing an unopposed motion for summary judgment, the district court need not review *all* evidentiary materials on file at the time the motion is granted.  *Id.*  Instead, the district court must at least, "review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.*

## Analysis

Summary judgment is authorized under Federal Rule of Civil Procedure ("Rule") 56 only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When determining whether the moving party has met this burden, the court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[3] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

    **A.**    **Defendant's Motion for Summary Judgment as to Plaintiff's FCCPA Claim (Count V)**

In Count V, Plaintiff alleges that Defendant violated the Section 559.72(7) of the FCCPA by "failing to disclose its name, that it is a debt collector and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff has not consented and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass . . . ." (Complaint ¶ 27.)

Section 559.72(7) of the FCCPA provides that no person, when collecting consumer debts, shall "[w]illfully communicate with the debtor or any member of her or his family with

4

such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family[.]" Fla. Stat. § 559.72(7).  Defendant argues that it is entitled to summary judgment because (1) the FCCPA does not require a debt collector to identify himself, (2) it *manually* dialed Plaintiff, and (3) it made a total of six calls to Plaintiff, which were not so frequent so as to be harassing.

Defendant's arguments are correct.  The plain language of Section 559.72(7) does not require a debt collector to identify itself, nor does it prohibit debtors from using a automatic telephone dialing system.  Thus, Plaintiff cannot maintain a claim under FCCPA for these alleged violations.  *See Ortiz v. Accounts Receivable Mgmt., Inc.,* 2010 WL 547910, *3 (S.D. Fla. Feb. 12, 2010) (entering summary judgment in favor of defendant on plaintiff's claim that the defendant violated the FCCPA by failing to identify itself as a debtor and using an automatic telephone dialing system).  Additionally, Defendant did not telephone Plaintiff with such frequency that its conduct can reasonably be considered harassing.  Florida's Fourth District Court of Appeals held that six telephone calls over a six-month period were "*as a matter of law* neither frequent nor harassing so as to violate section 559.72(7), Florida Statutes." *Schauer v. Morse Operations, Inc.,* 5 So.3d 2, 5 (Fla. 4th DCA 2009) (emphasis added).  Here, it is undisputed that Defendant made only six telephone calls to Plaintiff over a four-month period.[4]  (Defendant's Statement of Undisputed Material Facts, D.E. 37, ¶¶ 5-11.)  Thus, the Court finds that Defendant did not call Plaintiff with such frequency so as to harass her in violation of the

---

[4] The Court notes that Plaintiff only complains of frequency; she does not allege that any of Defendant's phone calls involved threatening or abusive language.

5

FCCPA. For all the foregoing reasons, Defendant is entitled to summary judgment on Count V.

> **B.  Defendant's Motion for Summary Judgment as to Plaintiff's TCPA Claim (Count VI)**

In Count VI, Plaintiff claims that Defendant violated the TCPA by placing non-emergency telephone calls to her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without prior consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

Section 227(b)(1)(A)(iii) of the TCPA prohibits any person to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Defendant argues that it is entitled to summary judgment on Count VI because each of its calls to Plaintiff were manually dialed. For support, Defendant attaches its account notes for Plaintiff's account, which state "manual dial" next to the date of each phone call placed to Plaintiff's phone number. (*See* D.E. 48-2.) Meanwhile, Plaintiff testified at her deposition that she believed that the voice mails she received from Defendant sounded pre-recorded; she did not believe that a live person left Defendant's messages. (D.E. 43-1, Deposition of Monica Dennis, May 4, 2010, 26:17-25, 30:10-13, 37:5-8.)

"Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1191 (11th Cir. 2005) (quotation omitted). And unsubstantiated assertions alone are not enough to withstand a motion for summary judgment. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987); *see also Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004) ("A mere scintilla of evidence in support of the nonmoving party will not suffice to

overcome a motion for summary judgment."). Plaintiff's statements of belief about what the voice mails sounded like are nothing more than pure speculation and unsubstantiated assertions. Therefore, the Court finds that her deposition testimony does not create a *genuine* issue of material fact, and Defendant's records support its position that the calls made were not made using an automatic dialing system or pre-recorded or artificial voice. *See Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002) (finding that a district court erred in deciding that a witness' affidavit raised a genuine issue of material fact where the affiant simply stated that he 'believed' a certain fact existed). Therefore, the Court grants Defendant summary judgment on Count VI.

### C. Defendant's Motion for Summary Judgment as to Plaintiff's Claim for Declaratory & Injunctive Relief (Count VII)

In Count VII, Plaintiff seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., that Defendant's practices violated the TCPA and FCCPA. (Complaint ¶ 31.) Plaintiff also seeks a permanent injunction prohibiting Defendant from continuing to violate the FCCPA and the TCPA.

Defendant argues that Count VII is redundant because Plaintiff has brought claims under the FCCPA and TCPA, both of which provide for equitable relief. Plaintiff does not, however, seek equitable relief under her FCCPA and TCPA counts. So while it would have been better for Plaintiff to have sought equitable relief under those corresponding sections of her Complaint, this is not a sufficient basis for the Court to grant Defendant summary judgment on Count VII.

Defendant also argues that it is entitled to summary judgment on Count VII because the Declaratory Judgment Act does not provide an independent cause of action. This is irrelevant, however, as Plaintiff asserts a proper ground for federal jurisdiction: the FDCPA. For all the

foregoing reasons, the Court denies Defendant's Motion as to Count VII.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is DENIED IN PART AND GRANTED IN PART.  The Court grants summary judgment in favor of Defendant on Counts V and VI.  The Court denies summary judgment on Count VII.

DONE AND ORDERED in chambers in Miami, Florida this 6th day of June, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record